IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERBE ELECTROMEDIZIN GMBH,
ERBE USA, INC., and
CONMED CORPORATION,

      Plaintiffs,

v.                                                                  Civil Action No. 05-1674

CANADY TECHNOLOGY LLC                           JURY TRIAL REQUESTED
and DR. JEROME CANADY,

      Defendants.

## CANADY TECHNOLOGY'S SECOND SET OF REQUESTS TO PLAINTIFFS ERBE ELEKTROMEDEZIN GMBH AND ERBE U.S.A. FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Canady Technology hereby requests that Plaintiffs ERBE Elektromedezin GmbH and ERBE U.S.A. produce copies of the documents and things set forth below within thirty (30) days of service of these Requests at the offices of Canady Technology LLC's counsel.

### DEFINITIONS

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1.     The term "document" means all written or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, care or control of Plaintiffs Defendant ERBE Elektromedezin GmbH and ERBE U.S.A. including but not limited to originals (or copies where originals are unavailable) of correspondence, electronic mail messages, telegrams, notes and sound recordings of any type of personal or telephone conversations, and of meetings or

conferences, minutes of directors or committee meetings, memoranda, inter-office communications, studies, analyses, reports, results of investigations, catalogs, contracts, lab notebooks, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, charge slips, freight bills, timesheets or logs, computer data, stenographers' notebooks, diaries, or papers similar to any of the foregoing, however denominated.  "Document" shall also mean (1) any document which is not identical to the original or to any other copy, and (2) any tangible thing that is called for or identified in response to any interrogatory.

2.   The terms "ERBE," "you," and "your" mean ERBE Elektromedezin GmbH and ERBE U.S.A., each of their predecessors, subsidiaries, subsidiaries of subsidiaries, divisions, affiliates in which it owns a majority or a controlling interest, parent corporations and other organizational or operating units, and all of their predecessors or successors and each of their directors, officers, employees, agents or representatives, attorneys, consultants, contractors, and subcontractors, and all persons acting or purporting to act on their behalf for any purpose whatsoever.

3.   The term "ConMed" means plaintiff ConMed Corporation, each of its predecessors, subsidiaries, subsidiaries of subsidiaries, divisions, affiliates in which it owns a majority or a controlling interest, parent corporations and other organizational or operating units, and all of their predecessors or successors and each of their directors, officers, employees, agents or representatives, attorneys, consultants, contractors, and subcontractors, and all persons acting or purporting to act on their behalf for any purpose whatsoever..

4.   The term "Canady Technology" means Defendant Canady Technology LLC.

5.   The term "'745 patent" means U.S. Patent No. 5,720,745.

6.   The term "'745 patent inventors" means the named inventors on the '745 patent.

7. The term "'009 application" means U.S. Patent Application Serial No. 981,004 filed on November 24, 1992.

8. The term "German '029 application" means German Patent Application No. DE 41 39 029 filed on November 11, 1991 and published on June 24, 1993.

9. The term "'175 patent" means U.S. Patent No. 4,781,175.

10. The term "'175 patent inventors" means the named inventors on the '175 patent.

11. The term "'675 patent" means U.S. Patent No. 5,207,675.

12. The term "person" means any individual or individuals or business entity or entities, including but not limited to, corporations, companies, partnerships, associations and business trusts.

13. The term "related" or "relating to" means comprising, constituting, reflecting, respecting, concerning, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing or evaluating.

14. The term "Complaint" means the complaint filed by Plaintiffs ERBE and ConMed in the U.S. District Court for the Western District of Pennsylvania on December 5, 2005 against Defendants Canady Technology LLC and Jerome Canady.

15. The term "Answer and Counterclaims" means Defendant Canady Technology's Answer, Affirmative Defenses, and Counterclaims filed on January 27, 2006.

16. The term "date" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

17. The term "patents-in-suit" means the '745 patent and the '175 patent.

18. The term "Accused Products" means the any and all products manufactured, used, sold, offered for sale or imported by Canady Technology that ERBE contends infringe any claim of the '745 patent or the '175 patent directly or contributorily.

19. The term "ConMed v. ERBE New York lawsuit" means the case captioned ConMed Corporation and Aspen Laboratories, Inc. v. ERBE Elektromedezin GmbH and ERBE USA, Inc., Civil Action No. 00-CV-987, in the U.S. District Court for the Northern District of New York.

20. The term "ERBE APC product" means any ERBE APC 300 system and any ERBE electrosurgical generator.

21. "Affiliate" means an affiliate as determined in accordance with 13 C.F.R. §121.103.

22. "Number of employees" means the number of employees as defined in 13 C.F.R. §121.106.

23. The terms "and" and "or" are to be interpreted both conjunctively and disjunctively.

24. The term "identify," as used herein:

   a. when referring to a natural person, means to state his full name, present or last known home and business addresses and phone numbers, and business affiliation during the period to which the interrogatory answer refers and at present (or last known);

   b. when used in reference to a business organization or entity, means to state its full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it was organized, and the address of its principal place of business; and the phone number;

   c. when used in reference to a document means to state:

      (i) the type of document (e.g., letter, memorandum, etc.), and its date;

      (ii) the identity of the person who prepared the document;

      (iii) the date or dates of preparation thereof;

    (iv) the identity of each person who presently has custody, control or possession thereof (and, if any such document was, but is no longer, in your possession or control, to state what disposition was made of it and when and why it was disposed of); and

    (v) notwithstanding the foregoing, when an interrogatory asks for the identity of any document, Defendant may, pursuant to Fed. R. Civ. P. 33(c), in lieu of identifying such document, produce a copy of the document together with a statement as to the interrogatory to which is responds.

  d. when used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, means to state the date upon which and the location at which it occurred, the identity of each person who participated therein or who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or in which it is manifested, referred to or expressed.

25. The terms "state all facts" and "state all reasons," as used herein, mean:

  a. state each fact known to you upon which you base, or which relates to the specified allegation or response;

  b. identify each and every oral or written communication of which you have knowledge which relates to, refers to, supports, proves or disproves the specified allegation or response, and identify the substance thereof; and

   c.  identify each and every document of which you have knowledge which relates to, refers to, supports, proves or disproves the specified allegation or response, and identify the substance thereof.

## GENERAL INSTRUCTIONS

1. As used herein, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used; and the use of the word "and" shall also include within its meaning the word "or," and vice versa.

2. If you choose to respond to these document requests pursuant to Fed. R. Civ. P. 34(d) and you assert either the attorney-client privilege or work product immunity, or both, as to any document, provide the following information:

   a.  The nature of the document;

   b.  The author, sender and recipient of the original and each recipient of a copy;

   c.  The date of the document;

   d.  The names appearing on any circulation list of yours associated with such document;

   e.  A description of the subject matter of such document in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity.

  f. A statement of the basis for assertion of privilege or work product immunity.

 3. If a particular document request or part thereof cannot be answered:

  a. Specify the reasons for your inability to answer the remainder thereof; and

  b. Identify any documents that might contain material relevant to the answer sought.

 4. There shall be a continuing duty on Defendant to furnish additional documents in response to these Document Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

 5. All requests herein are directed to those documents within your possession, custody or control, or within the possession, custody or control of your agents, servants and employees and attorneys. They also are directed to those firms, corporations, companies, partnerships, or trusts that you control and to documents in the possession, custody or control of employees, agents and representatives of such entities.

 6. If any document called for is not available or accessible or is no longer in existence, give the following information for that document:

  (a) The name and title of the author(s);

  (b) The name and title of each person to whom the document was addressed;

  (c) The name and title of each person to whom a copy of the document was sent, directed, circulated, or distributed;

  (d) The date of the document;

  (e) The number of pages;

(f) A brief description of the nature and subject matter of the document;

(g) The paragraph(s) of the request to which the document is responsive;

(h) The reasons why the document is not available or accessible (if applicable).

7. Where the production of computer source code is requested, it must be produced in computer readable media with the revision control version, if any, and all documentation and information necessary to access all files from the media upon which they are produced to recreate the entire executable program using the source code provided.

8. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are deemed continuing to the fullest extent permissible and require that ERBE provide all information known to it up to the date of response.

9. ERBE should promptly furnish to Canady Technology any information acquired subsequent to the date of response, in writing and under oath to undersigned counsel.

## REQUESTS FOR PRODUCTION

66. All documents relating to German Utility Model DE 91 16 939, including but not limited to all legal proceedings to enforce it or any patents claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

67. All documents relating to German Patent No. DE 41 39 029 A1, including but not limited to all legal proceedings to enforce it or any patents claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

68. All documents relating to German Patent Application No. 19535811.2, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

69. All documents relating to German Patent Application No. 19538807.0, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

70. All documents relating to German Patent Application No. DE19966032080T, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

71. All documents relating to European Patent Application No. EP20020027627, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

72. All documents relating to European Patent Application No. EP19960932596, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

73. All documents relating to European Patent Application No. EP19960115396, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

74. All documents relating to Japanese Patent Application No. JP19960253038, including but not limited to the prosecution of the application, all legal proceedings to enforce it or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

75. All documents relating to PCT Patent Application No. WO1996EP04185, including but not limited to the prosecution of the application, all legal proceedings to enforce it

or any patents arising from or claiming priority to it and any oppositions filed to it or any patents claiming priority to it.

76. All documents relating to argon plasma coagulation systems manufactured, distributed, or sold by Söring GmbH, including but not limited to all testing of such systems and any legal proceedings instituted for infringement of patents or trademarks by such systems.

77. All documents that reflect the total number of employees of ERBE on February 26, 2001.

78. All documents that reflect the total number of employees of ERBE on the date that ERBE submitted payment of the Fourth Year maintenance fee for the '745 patent to the U.S. Patent & Trademark Office.

79. All documents that reflect the total number of employees of ERBE on February 24, 2005.

80. All documents that reflect the total number of employees of ERBE on the date that ERBE submitted payment of the Eighth Year maintenance fee for the '745 patent to the U.S. Patent & Trademark Office.

81. All documents received by ERBE or its agents from the U.S. Patent & Trademark Office regarding maintenance fees for the '745 patent.

82. All documents submitted by ERBE or its agents to the U.S. Patent & Trademark Office regarding maintenance fees for the '745 patent.

83. All documents that form the basis of ERBE's statement on its website that it had 521 employees as of May 2006.

84. All documents that refer to the number of employees of ConMed Corporation prior to February 24, 2006, including but not limited to annual reports.

85. All translations of documents produced in this investigation.

86. All documents provided to or received from Jerome D. Waye, MD.

87. All documents provided to or received from Steven T. Wereley, PhD.

88. All documents received from or provided to KLS Martin relating to this investigation.

89. To the extent that ERBE's responses to requests for admissions propounded by Canady Technology in this investigation are other than unqualified admissions, produce all documents that for the basis for ERBE's answer.

90. All documents consulted, referred to, and/or relied upon in answering Canady Technology's requests for admissions or interrogatories in this investigation.

91. All documents relating to any testing of any product of Canady Technology.

92. All documents relating to the safety of any Canady Technology product.

93. All documents relating to any communications between ERBE and the Cleveland Clinic from October 1, 2005 to the present.

94. All documents relating to any communications between ERBE and any hospital regarding Canady Technology or any Canady Technology product.

95. All documents relating to any warranty on any ERBE APC product.

96. All documents relating to the voiding of any warranty on any ERBE product.

97. All documents relating to any licenses granted by Erbe under the Blue Probe trademark of the Erbe trade dress alleged in the Amended Complaint to be infringed by Defendants.

98. All documents relating to any basis for voiding any warranty on any ERBE product.

Dated: October 17, 2006

By: /s/ Daniel M. Darragh
Daniel M. Darragh
Pa. I.D. No. 34076

COHEN & GRIGSBY, P.C.
Firm No. 621
11 Stanwix Street – 15th Floor
Pittsburgh, PA  15222
412.297.4718
412.209.1940 (fax)
ddarragh@cohenlaw.com

Timothy R. DeWitt
24IP Law Group USA, PLLC
600 Cameron Street
Alexandria, VA  22314
410.212.2539

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2006, I caused to be served by the designated method, copies of the foregoing Canady Technology's Second Set Of Requests To Plaintiffs Erbe Elektromedezin Gmbh And Erbe U.S.A. For Production Of Documents And Things:

Leland P. Schermer, Esq.
Leland Schermer & Associates, P.C.
11 Stanwix Street, 7th Floor
Pittsburgh, PA  15222
*Via First Class Mail*

Philip C. Hampton, II, Esq.
Gabriela I. Coman, Esq.
Megan S. Woodworth, Esq.
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC  20006-5403
*Via First Class Mail*

John G. Powers
Hancock & Eastbrook, LLP
1500 Mony Tower I
PO Box 4976
Syracuse, NY 13221-4976
*Via First Class Mail*