IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERBE ELEKTROMEDIZIN GMBH, ERBE USA, INC., and CONMED CORPORATION,<br><br>         Plaintiffs,<br><br>   -vs-<br><br>DR. JEROME CANADY and CANADY TECHNOLOGY, LLC.,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  05-1674<br>)<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

Plaintiffs have filed a Motion to Compel Response to its Discovery Requests, or in the Alternative, Extend the Discovery Deadline to Permit the Response to the Already-Served Requests. (Docket No. 98). By way of background, on March 9, 2006, counsel, in compliance with this Court's local patent rules, filed a Rule 26(f) report with a proposed fact discovery completion date of October 27, 2006. (Docket No. 25). On October 27, 2006, the last day of fact discovery, Plaintiffs propounded discovery upon Defendants. Defendants object to this discovery arguing that it is untimely and requested a telephone conference with this Court. (Docket No. 103).

During a telephone conference regarding the timeliness of said discovery, I granted Plaintiffs leave to file a Brief supporting their position. (Docket No. 96). Thereafter, I called counsel back and requested that Plaintiffs indicate in their Motion a time line of the discovery that they had taken in this case.

I first note that Plaintiffs failed to supply this Court with a time line of the discovery they had taken in this case. *See,* Docket No. 98. Defendants, however, responded to the same indicating that prior to October 27, 2006, Plaintiffs only discovery initiatives were served on March 10, 2006. (Docket No. 103, p. 2). In other words, between March 10, 2006, and the last day of discovery, October 27, 2006, Plaintiffs propounded no other discovery in this case. *Id.*

In support of their Motion to Compel, Plaintiffs cite to two cases out of the Eastern District of Pennsylvania.[1] I am not persuaded by the rationale of the cases. Further, I find them to be distinguishable from the within matter. Specifically, the cases cited by Plaintiffs were out of the Eastern District of Pennsylvania and not subject to this court's local patent rules, whereas the within matter is governed by the Local Patent Rules for the Western District of Pennsylvania.

This Court's Local Patent Rules provide a Model Scheduling Order, which sets forth the following:

> (10) The parties shall complete fact discovery by, all interrogatories, depositions, requests for admissions, and requests for production *shall be served within sufficient time to allow*

---

[1] The cases cited by Plaintiffs are *Mines v. City of Phil.,* No. 93-3052, 1994 U.S.Dist. LEXIS 9776, at *2 (E.D. Pa. July 18, 1994), and *Laurenzano v. Lehigh Valley Hospital, Inc.,* No. 00-02621; 2003 U.S.Dist. LEXIS 13258, at *6-7 (E.D. Pa. July 28, 2003).

> *responses to be completed prior to the close of discovery*.

*See,* United States District Court for the Western District of Pennsylvania Local Patent Rules, Appendix C, ¶10 (emphasis added).  According to their Rule 26(f) Report, counsel used the above Model Scheduling Order in preparing their Rule 26(f) Report.  *See*, Docket No. 25.  Thus, there can be no doubt that counsel was aware that "complete" means just that – that all discovery initiatives shall be served within sufficient time to allow responses to be completed prior to the close of discovery.  Based upon the same, I find Plaintiffs' discovery initiatives served on the last day of discovery to be untimely, such that Defendants are not required to respond to the same.

Plaintiffs request, in the alternative, that if such initiatives are determined to be untimely, this Court extend the discovery deadline to permit the responses to the already served initiatives.  (Docket No. 98).  I decline to grant such relief.  According to Defendants, the initiatives propounded upon them include 71 document requests, 8 interrogatories, 243 requests for admissions, 9 notices of personal depositions, and a Rule 30(b)(6) notice of deposition listing 62 categories.  (Docket No. 103, p. 2).  This is an extensive amount of discovery.[2]  Plaintiffs offer no reason for why they waited until the last day of discovery to serve the same.  Moreover, I believe that such extensive initiatives would not be completed within 30 days.  As a result, the discovery period for this case would be extended well

---

[2]According to Defendants, it comprises 98% of Plaintiffs' discovery initiatives.  (Docket No. 103, p. 1).

3

beyond the time period reasonably contemplated by the local patent rule and this Court.  Consequently, Plaintiffs' Motion to Compel is denied.

THEREFORE, this **21st** day of November, 2006, after careful consideration and for the reasons set forth within, it is ordered that Plaintiffs' Motions to Compel (Docket No. 98) is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge