IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERBE ELEKTROMEDIZIN GMBH, ERBE USA, INC. and CONMED CORPORATION, </br></br>          Plaintiffs, </br></br>   -vs- </br></br> DR. JEROME CANADY and CANADY TECHNOLOGY, LLC., </br></br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 05-1674

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Defendants have filed a Motion for Summary Judgment on all Claims with Respect to Certain APC Probes Manufactured by Söring GmbH ("Söring"). (Docket No. 76). Plaintiffs, ERBE Elektromedizin GmbH and ERBE USA, Inc ("ERBE"), filed a Motion to Strike Defendants' Summary Judgment Motion Regarding Probes Manufactured by Söring GmbH as Not in Controversy. (Docket No. 80). Plaintiff, Conmed Corporation ("Conmed") filed a Joinder in ERBE's Motion to Strike in so far as it applies to Patent No. 4,781,175 ("the '175 Patent"). (Docket No. 84). Defendants have filed a Brief in Opposition to the same. (Docket No. 85). Plaintiffs have filed Reply Briefs. (Docket Nos. 88 and 90). The Motions are now ripe for review.

Plaintiffs main argument is that because there was no actual controversy over

the Söring probes by the time the pleadings closed, this court does not have jurisdiction over the same. (Docket Nos. 81 and 84). Therefore, Plaintiffs argue, I cannot rule upon Defendants' Motion for Summary Judgment relating only to the Söring probes because to do so would be to issue an advisory opinion in violation of Article III of the United States Constitution. *Id.* Based on my analysis below, I agree.

Article III, section 2 of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. §2201(a),[1] require an actual case or controversy for a federal court to have jurisdiction. The requirements of Article III are a "'direct prohibition on the issuance of advisory opinion.'" *Travelers Ins. Co. v. Obusek,* 72 F.3d 1148, 1153 (3d Cir. 1995), *citing Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992). Federal courts are constitutionally prohibited from issuing opinions "advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1939); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,* 846 F.2d 731, 735 (Fed. Cir. 1988). Actions filed under the Declaratory Judgment Act do not alter this prohibition. *Travelers Ins. Co.,* 72 F.3d at 1153.

In determining whether there is an actual controversy over the Söring probes in this case, I am guided by the following:

---

[1]The Declaratory Judgment Act, provides, in relevant part, as follows:

In cases of actual controversy within its jurisdiction,...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a).

> In cases involving a declaratory judgment of patent non-infringement or invalidity, the test for determining whether an actual controversy exists is two-pronged. **First, the accused infringer must have actually produced or prepared to produce an allegedly infringing product.** The first prong looks to the accused infringer's conduct and ensures that the controversy is sufficiently real and substantial. **Second, the patent holder's conduct must create an objectively reasonable apprehension on the part of the accused infringer that the patent holder will initiate suit if the allegedly infringing activity continues**.

*Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 634 (Fed. Cir. 1991) (internal citations and quotations omitted and emphasis added); *Jervis B. Webb Co. v. Southern Sys., Inc.,* 742 F.2d 1388, 1398-99 (Fed. Cir. 1984); *Arrowhead*, 846 F.2d at 736.

With regard to the first prong, Plaintiffs essentially argue[2] that Canady Technoloy was not engaged in any meaningful preparation for infringing activity on the date the Counterclaims were filed on March 13, 2006. I disagree. It is well established that jurisdiction must be determined based on the facts as they existed at the time of the filing of the Defendants' Counterclaim. *Spectronics*, 940 F.2d at

---

[2] Plaintiffs spend much time arguing that the Complaint and the Amended Complaint do not assert a claim of infringement with regard to the Söring probes. (Docket No. 81, p. 4-10). After a review of the same, it is clear that Plaintiffs have not asserted a claim of infringement with regard to the Söring probes. Contrary to Defendants assertions, the Amended Complaint alleges infringement by "Canady devises" which it specifically defines as those devises made by KLS Martin. (Docket No. 18, ¶15). Thus, the Söring probes are not in controversy in the infringement allegations in the Amended Complaint.

Plaintiffs further argue, in one paragraph, that the Counterclaim of non-infringement does not identify the Söring probes specifically and, therefore, are not brought into controversy. (Docket No. 81, p. 9-10). I disagree. While it is true that the Söring probes are not specifically mentioned in the Counterclaim, the declaration sought by Defendants is that Canady Technologies does not infringe on the '745 and the '175 patents. A reasonable interpretation of this is that the Counterclaim of non-infringement would cover any products that Canady Technologies distributes or was in preparation to distribute if it meets the *Spectronics* two-part test. Thus, I find that the allegations contained in the Counterclaim put Plaintiffs on sufficient notice under Rule 8 of the Federal Rules of Civil procedure. Consequently, I reject Plaintiffs' argument in this regard.

634-35, *citing, Arrowhead,* 846 F.2d at 734 n.2. In this case the Söring probes were first shipped to Canady Technology on May 15, 2006. Docket No. 82, Exhibit 6, ¶3. However, Defendants had engaged in meaningful preparation to distribute the Söring probes in early 2006. *Id.* at ¶2. This is evidenced by the fact that on January 4, 2006, Canady Technologies and Söring, GmbH, entered into a Development Agreement in which they agreed to collaborate to develop certain products. Docket No. 102. Then, on January 20, 2006, Canady Technology and Söring entered into a Supply and Distribution Agreement. *Id.* This evidence indicates that marketing and distribution of the Söring probes by Canady Technology was imminent, and that the product in question was in production. As such, there was an immediate threat to Plaintiffs' interest in the patents. Thus, I find that by March 13, 2006, Defendants were making meaningful preparation to distribute an allegedly infringing product.

With regard to the second prong, Plaintiffs' conduct must create an objectively reasonable apprehension on the part of Defendants that Plaintiffs will initiate suit if the allegedly infringing activity commences. *Spectronics, supra.* There is no evidence that Plaintiffs knew of the Söring probes prior to the filing of the Counterclaims on March 13, 2006. In fact, ERBE did not learn of the existence of the Söring probes until the Digestive Disease Week Conference at the end of May, 2006. (Docket No. 82, Exhibit 7, ¶5). Moreover, the '175 patent owned by ConMed expired on April 8, 2006. As such, there can be no objectively reasonable fear of being sued for infringement for the '175 when the Counterclaim was filed. Other

than the fact that there is there is a litigious history between these parties, there is no evidence that at the time of the filing of the Counterclaims Defendants had an objectively reasonable apprehension of being sued over the Söring probes. Therefore, without more, I am simply not persuaded there could exist a reasonable apprehension of litigation with regard to the Söring probes at the time the Counterclaims were filed.

In response, Defendants argue that the discovery requests by Plaintiffs are worded generally and did not limit the definition of "Canady devices" to KLS Martin probes, such that the discovery initiative would cover the Söring probes. (Docket No. 85, pp. 7-9). There is nothing to indicate, however, that Plaintiffs knew about the Söring probes at this time. Consequently, the discovery initiatives objectively cannot be a basis for a reasonable apprehension of being sued.

Defendants further argue that I should take into consideration the fact that ERBE has allegedly attempted to bring Söring into a proceeding before the International Trade Commission (ITC") concerning the '745 patent and has taken extensive discovery in that case concerning the Söring probes. (Docket No. 85, p. 10). I decline to do so. The attempt to join Söring in the ITC case and discovery taken by ERBE in the ITC case is irrelevant to my determination of jurisdiction over the Söring probes in this case, especially since it all occurred long after the filing of the Counterclaims.

Finally, Defendants argue that the Söring probes are a key part of their patent misuse defense and counterclaim for unenforceability of the '745 and '175 patents.

5

(Docket No. 85, p. 15). This argument is misplaced, however, as it provides no additional evidence to support the second *Spectronics* prong that at the time of the filing of the Counterclaims Defendants had an objectively reasonable apprehension of being sued over the Söring probes.

Consequently, this **21st** day of December, 2006, after careful consideration , it is Ordered that Plaintiffs' Motions to Strike Defendants' Motion for Summary Judgment On All Claims With Respect to Certain APC Probes Manufactured By Söring GMBH (Docket Nos. 80 and 84) are granted. Since I am granting Plaintiffs' Motions to Strike the Motion for Summary Judgment, Defendants' Motion for Summary Judgment On All Claims With Respect to Certain APC Probes Manufactured By Söring GMBH (Docket No. 76) is denied for lack of jurisdiction, and Plaintiffs' Motion for Relief pursuant to Rule 56(f) (Docket No. 93) is denied as moot.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge